IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYAN M. BALCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3666-M-BN |
| | § | |
| JP MORGAN CHASE BANK, NA | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pre-trial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. Defendant JPMorgan Chase Bank, N.A., sued as "JP Morgan Chase, NA," filed a Motion to Dismiss [Dkt. No. 4], seeking judgment in its favor on all claims. Plaintiff Bryan M. Balch did not file a response, and his time to do so – extended once already – has passed. For the reasons below explained, Defendant's Motion to Dismiss should be GRANTED.

**Background**

Plaintiff owns real property in Rockwall, Texas (the "Property") and faced imminent foreclosure. *See* Dkt No. 1 at 7. Plaintiff filed a lawsuit in the 430th District Court of Rockwall County, Texas against Defendant alleging claims for (1) breach of contract, (2) common law fraud, and (3) breach of duty to deal in good faith. *See* Dkt No. 1 at 10-12. Defendant timely removed the case to federal court on the basis of

diversity jurisdiction, *see* Dkt. No. 1, and then filed its Motion to Dismiss, *see* Dkt. No. 4.

**Legal Standards**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

The Court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See In re Katrina*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources

courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice”).

**Analysis**

Breach of Contract

Plaintiff asserts claims based on breach of contract. The elements of a breach of contract claim under Texas law are “(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.” *Smith Int’l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007). Plaintiff asserts that, during debt restructuring negotiations, Defendant “informed Plaintiff that they were not allowed to make any payments” and that Defendant “would not take any action to foreclose on the Property.” Dkt. No. 1 at 9. Plaintiff alleges the pending foreclosure on the Property violates the agreement between Plaintiff and Defendant, constituting breach of contract. *See* Dkt. No. 1 at 10.

Defendant urges that Plaintiff’s breach of contract claim should be dismissed because (1) it is barred by the statute of frauds; (2) it fails to properly identify a breach of the written contract; (3) Plaintiff failed to perform his obligations under the contract; and (4) Plaintiff alleges no damages. *See* Dkt. No. 5 at 3-5.

Plaintiff’s claim for breach of contract fails for numerous reasons. Initially, the claim fails because it is barred by the statute of frauds. As Defendant points out, Plaintiff’s claim is based on statements made by Defendant during debt modification

negotiations. Specifically, Defendant, citing Tex. Bus. Com. Code § 26.02(b), argues that "[t]he statute of frauds makes any unwritten agreement for a loan in excess of $50,000 unenforceable." Dkt. No. 5 at 3. Defendant then states, citing Exhibit 1, that "the principal amount of the Loan was $103,900." *Id.* Although not included in Plaintiff's complaint, the Court can and should consider Exhibit 1 [Dkt. No. 5], the Deed of Trust, because it is "central to [Plaintiff's] claim." *Collins*, 224 F.3d at 498-99. Defendant further states that "Plaintiff does not allege the existence of any written agreement allowing Plaintiff to stop making payments while applying for a modification or prohibiting [Defendant] from taking any foreclosure action." Dkt. No. 5 at 3-4. Where, as here, Plaintiff does not allege that Defendant promised to sign a prepared document that comports with Texas's statute of frauds, this omission is fatal to Plaintiff's claim and is a proper basis for dismissal. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013); *see also Hernandez v. U.S. Bank, N.A.*, No. 3:13-cv-2164-0, 2013 WL 6840022, at *7 (N.D. Tex. Dec. 27, 2013).

Further, Plaintiff failed to identify any breach of the written loan agreement. *See* Dkt. No. 1 at 10. In fact, Plaintiff grounds his breach of contract claim solely on Defendant's statements that are barred under the statute of frauds. *See id.* at 9. Plaintiff thus has not alleged that Defendant breached the written contract.

Finally, Defendant alleges that Plaintiff fails to establish damages. Damages are an essential element to a breach of contract claim. *See Smith Int'l, Inc.,* 490 F.3d at 387. Petitioner alleges damages based on pending foreclosure. *See* Dkt. No. 1 at 9-10. But potential foreclosure is an insufficient basis for compensatory damages. *See*

*Marquez v. Fed. Nat'l Mortgage Ass'n*, No. 3:10-cv-02040-L, 2011 WL 3714623, at *6 (N.D. Tex. Aug. 23, 2011) (citing *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.)) (holding "where a mortgagor's possession is undisturbed, he has suffered no compensable damage.") Accordingly, Plaintiff has not suffered alleged that he damages sufficient to establish a breach of contract claim.

For all of these reasons, Plaintiff's breach of contract claim should be dismissed with prejudice. *See Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) (leave to amend a second time is unnecessary where a plaintiff's alleged facts could not, as a matter of law, support the alleged claim, "[e]ven with every possible fact and inference resolved in favor of the plaintiff"); *Jacquez v. Procunier*, 801 F.2d 789, 791(5th Cir.1986) (leave to allow a pro se plaintiff to amend is not required where "even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability" and it is clear that the plaintiff has already pleaded his "best case").

Common Law Fraud

Plaintiff asserts a cause of action for common law fraud. *See* Dkt. No. 1 at 10. Plaintiff asserts that Defendant committed fraud based on its misrepresentation that "it would not take action to foreclose on the property while Plaintiff was attempting to modify the loan secured by the property." *See* Dkt. No. 1 at 11. "To state a claim of fraud by misrepresentation under Texas law, a plaintiff must sufficiently allege (1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and

justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).

Defendant responds that dismissal is warranted for a number of reasons, including that (1) the fraud claim is barred by the statute of frauds; (2) no misstatements of fact were made; (3) Plaintiff fails to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b); (4) the loan's terms were unambiguously set forth in the agreements, and therefore Plaintiff had knowledge of the alleged false representations; and (5) Plaintiff suffered no damages from the alleged false representation to support a common law fraud claim. *See* Dkt. No. 5 at 6-8.

Defendant alleges that Plaintiff's fraud claim fails due to the statute of frauds where Plaintiff's fraud claim is based on the same alleged oral modifications of the loan agreement as his breach of contract claim. Under Texas law, application of the statute of frauds bars a fraud claim to the extent that the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the statute of frauds. *See Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001). Application of the statute of frauds to a contract vitiates a fraud claim based on the same facts. *See Traynor v. Chase Home Finance, LLC*, No. 3:11-cv-800-K, 2013 WL 704932, at *3 (N.D. Tex. Feb. 27, 2013) (citing *Collins v. Allied Pharmacy Mgmt., Inc.*, 871 S.W.2d 929, 936 (Tex. App. – Houston [14th Dist.] 1994)). Plaintiff's fraud claim is barred by the statute of frauds for the same reasons outlined in the analysis of Plaintiff's breach of contract claim above.

Further, Defendant argues that Plaintiff fails to allege a misstatement of fact or a promise made with no intent to perform. "'A promise to do an act in the future is actionable fraud when made with the intention, design, and purpose of deceiving, and with no intention of performing the act.'" *Shandong v. Yinguang*, 607 F.3d 1029, 1034 (5th Cir. 2010) (quoting *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986)). Although intent is "'determined at the time the party made the representation, it may be inferred from the party's subsequent acts after the representation is made.'" *Shandong*, 607 F.3d at 1034 (quoting *Spoljaric*, 708 S.W.2d at 435). "However, 'failure to perform, standing alone, is no evidence of the promissor's intent not to perform when the promise was made.'" *Id.* (quoting *Spoljaric*, 708 S.W.2d at 435). Thus, Plaintiff fails to identify misstatements of existing fact. Plaintiff's allegation that Defendant broke the alleged promise, alone, cannot support the inference that Defendant made the promise with no intent to keep it. *See id.*

Defendant also argues that Plaintiff's pleading lacks the specificity required by Rule 9(b) because it fails to "specify the time, place, identity of the speaker and what benefit the speaker gained from the misrepresentation." *See* Dkt. No. 5 at 7. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake," and Texas state law fraud claims are subject to this requirement. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550-51 (5th Cir. 2010). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Id.* at 551 (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d

336, 350 (5th Cir. 2002)). Plaintiff alleges that "Defendant's representatives informed [him] that [he] was not allowed to make any payments" and that he should "ignore any foreclosure notices received while in loan modification status." Dkt. No. 1 at 9. But Plaintiff does not specify who made the statements or when or why they occurred. Plaintiff therefore has not met Rule 9(b)'s pleading requirements.

Defendant argues that Plaintiff is charged with knowledge of the terms of the written agreement. Defendant further alleges that, even if an oral misrepresentation took place, Plaintiff "could not have justifiably relied on it because the written loan agreement plainly governs when Plaintiff is allowed to make payments." Dkt. No. 5 at 7-8. When oral promises are directly contradicted by express, unambiguous terms of a written agreement, reliance on those oral promises is not justified. *See Taft v. Sherman*, 301 S.W.3d 452, 458 (Tex. App. – Amarillo 2009, no pet.); *Prendes v. Select Portfolio Servicing, Inc.*, No. 4:12-cv-337-Y, 2012 WL 6913511, at *6 (N.D. Tex. Dec. 28, 2012) ("Assuming that oral representations by SPS's employees were made [and were contrary to the contract's terms], while certainly deplorable, they are inconsistent with the parties' contract and thus do not give rise to a fraud claim."); *Althey*, 314 S.W.3d 164-65.

Finally, Defendant alleges that Plaintiff has not been harmed. In his Original Petition, Plaintiff alleges damages based on pending foreclosure. *See* Dkt. No. 1 at 9-10. This claim of damages is insufficient for the same reasons outlined above in the analysis of Plaintiff's damages for breach of contact.

For all of these reasons, Plaintiff's common law fraud claim should be dismissed

with prejudice.

Breach of Duty to Deal in Good Faith

Under Texas law, a duty of good faith and fair dealing does not exist in all contractual contexts. *See Great Am. Inc. Co. V. N. Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 418 (Tex. 1995). Rather, the duty of good faith and fair dealing arises where a special relationship of trust exists between the parties. *See Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App. – San Antonio 1998, no pet.). "Ordinarily, there is no such duty in lender/lendee relationships." *Id.*; *see also Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990) (no duty between mortgagor and mortgagee). Indeed, Texas law does not "recognize a common duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am.*, N.A., No. 3:11-cv-430-G-BD, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011) (internal quotations omitted), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June 22, 2011).

There are a few cases where courts have acknowledged that certain actions that show "substantial, active participation" of the mortgagee might evidence a special relationship and give rise to a duty of good faith and fair dealing. *Levels v. Merlino*, 969. F. Supp. 2d 704, 718 (N.D. Tex. 2013). But Plaintiff has not offered any allegations that would show any "special relationship" between Plaintiff and Defendant. *Cf. Omrazeti v. Aurora Bank FSB*, No. SA:12-CV-00730-DAE, 2013 WL 3242520, at *13-*16 (W.D. Tex. June 25, 2013) (citing *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326,

300 (5th Cir. 2013)). Plaintiff has also not pointed to any authority to establish that there is a duty of good faith and fair dealing in the mortgage context. *See* Dkt. No. 1 at 11-12; *see also Wiley v. U.S. Bank, N.A.*, No. 3:11-cv-1241-B, 2012 WL 1945614, at *7 (N.D. Tex. May 30, 2012); *Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011). Further, neither the Texas Business and Commerce Code nor the Uniform Commercial Code imposes a duty of good faith and fair dealing in this context. *See Water Dynamics, Inc. v. HSBC Bank U.S.A.*, No. 4:11-cv-614-A, 2012 WL 34253, at *5 (N.D. Tex. Jan. 6, 2012); *McAllister v. BAC Home Loans Servicing*, LP, No. 4:10-cv-504, 2011 WL 2200672, at *4 (E.D. Tex. Apr. 28, 2011), *rec. adopted*, 2011 WL 2183844 (E.D. Tex. June 6, 2011).

For these reasons, the undersigned recommends that, because it appears the Plaintiff may have not pled his best case, Plaintiff's claim of breach of the covenant of good faith and fair dealing should be dismissed without prejudice. *See Collier v. CitiMortgage, Inc.*, No. 3:14-cv-906-M-BN, 2014 WL 4181449, at *6-*7 (N.D. Tex. Aug. 22, 2014).

Injunctive Relief

Because the undersigned has concluded that none of Plaintiff's claims can withstand dismissal, the Court should conclude that Plaintiff's request for injunctive relief cannot survive. Injunctive relief is a form of relief based on underlying claims. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). Plaintiff's claim for injunctive relief should be dismissed without prejudice.

## Recommendation

The Court should grant Defendant's Motion to Dismiss [Dkt. No. 4] and dismiss Plaintiff's claims for breach of contract and common law fraud with prejudice and his claims for breach of duty to deal in good faith and injunctive relief without prejudice. The Court should grant Plaintiff 21 days from the date of any order adapting these Findings, Conclusions, and Recommendation in which to file an amended complaint as to those claims that should be dismissed without prejudice and should order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 16, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE